United States District Court
Southern District of Texas
**ENTERED**
April 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RAFAEL GABRIEL LINARES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:17-MC-01670 |
| | § | |
| T. HAUSLE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Rafael Gabriel Linares initiated this miscellaneous action seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) When he initiated this action, Plaintiff was a federal prisoner proceeding pro se. He was attempting to assert civil rights claims against Defendants for denying him medical care while in federal custody. Plaintiff also filed an "Application to Proceed Without Prepayment of Fees and Affidavit." (Docket No. 1-2.) However, because it was unclear whether Plaintiff should be able to proceed in forma pauperis, the Court entered an Order explaining to him his obligations pursuant to the Prison Litigation Reform Act ("PLRA"). (Docket No. 2.) Plaintiff did not respond to this Order, nor has he taken any other significant action to progress his case in over five years.

As discussed below, Plaintiff has failed to prosecute this action, including failing to respond to the Court or take affirmative action in his case. Accordingly, the undersigned recommends that this action be dismissed.

## I. BACKGROUND

In October 2017, Plaintiff initiated this action seeking to assert various civil rights claims pursuant to 42 U.S.C. § 1983. (Docket No. 1.) However, because Plaintiff did not pay the required filing fee, it was opened as a miscellaneous action. Plaintiff alleges that Defendants violated his civil rights by denying him necessary medical care. Specifically, he alleges that he has been diagnosed with acid reflux and without his Omeprazole prescription he "would suffer internal GI bleeding." (Docket No. 1, at 4.) In addition, Plaintiff claims that Defendant Dr. T. Hausle "misdiagnosed [him] at Hidalgo Detention Center" and prescribed him Zantac instead, "which did not provide relief for his acid reflux." (Docket No. 1-1, at 1-2.) As a result, Plaintiff asserts that "[h]e is now anemic" and "he will have to take iron pills (Ferrous Gluenate) for the rest of his life." (*Id.* at 2.) As relief Plaintiff seeks a "Judgment against the Defendants jointly and severally in an amount in excess of $50,000." (Docket No. 1, at 4.)

As noted, Plaintiff also filed an application to proceed in forma pauperis. (Docket No. 1-2, at 31.) In his application Plaintiff asserted that he was receiving "[g]ifts from family member of $100.00 a month." (*Id.* at 32.) In addition, Plaintiff included with his application a "Certificate of Account Activity" which reflected that he received $645 in "[t]otal deposits for [the] previous six months." (Docket No. 1-3, at 1.) However, because it was unclear whether Plaintiff qualified to proceed in forma pauperis, the Court entered an Order explaining to him his obligations pursuant to the Prison Litigation Reform Act ("PLRA"). (Docket No. 2.) Specifically, the Court highlighted to Plaintiff that pursuant to the PLRA he would be required to pay the filing fee in full. (*Id.* at 1-2.)

Plaintiff was also informed that he must "keep the Clerk advised in writing of his current address and to file promptly a change of address when necessary." (*Id.* at 2.) Plaintiff was further

warned that "[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case." (*Id.* (emphasis in original).)

Plaintiff did not specifically respond to the Court's order. (*See* Docket No. 3.) In fact, approximately one year later he was released from federal custody.[1] Notably, since his release from custody Plaintiff has not communicated with the Court regarding his case. Furthermore, aside from initiating this action over five years ago, Plaintiff has taken no affirmative steps to move this case forward.

## II. ANALYSIS

Plaintiff's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Plaintiff has failed to comply with the relevant rules and to prosecute this action.

To qualify to proceed without paying the filing fee, an applicant must show that he is financially "unable to pay such fees." 28 U.S.C. § 1915(a). The applicant need not "be absolutely destitute," but rather he must demonstrate by affidavit that because of his poverty, he cannot "pay

---

[1] The applicability of the PLRA is determined at the time the action is filed. *See Williams v. Henagan*, 595 F.3d 610, 619 (5th Cir. 2010). Accordingly, the fact that Plaintiff was subsequently released from custody has no bearing here. *See id.*

or give security for the costs . . . and still be able to provide himself and his dependents with the necessities of life." *Adkins v. DuPont Co.*, 335 U.S. 331, 339 (1948). In actions for civil damages, IFP applications are to be granted more sparingly. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975) (superseded on other grounds) ("[I]n civil cases for damages . . . the courts should grant the privilege sparingly."). Here, as noted, Plaintiff failed to provide enough information to the Court to show that he is financially "unable to pay [the filing] fees." *See* 28 U.S.C. § 1915(a).

Put simply, this action should be dismissed for failure to prosecute. *See Torres v. Krueger*, 596 F. App'x 319, 321 (5th Cir. 2015) (In affirming the district court's dismissal of the action with prejudice, the Fifth Circuit noted the parties' failure to respond to the court's order.); *see also In re Wood*, 199 F. App'x 328, 333 (5th Cir. 2006) (the Fifth Circuit noted egregious delays of two years and seven years) (string citation omitted); *Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action sua sponte for failure to comply with court orders). Plaintiff has failed to communicate with the Court in any meaningful way in several years, suggesting that he no longer wishes to pursue this action. It appears that no lesser sanction is available since Plaintiff failed to respond to the Court's order, and he has taken no further action in this case in years.

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this miscellaneous action be DISMISSED for failure to prosecute.

## **NOTICE**

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 6th of April, 2023 at McAllen, Texas.

_____
NADIA S. MEDRANO
United States Magistrate Judge